UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>BRAINERD POLICE,<br>ASSISTANT POLICE CHIEF,<br>POLICE MAN, and<br>BOB WILLARD,<br><br>      Defendants. | Civil No. 11-3280 (RHK/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although

federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff alleges that Defendant Bob Willard came to Plaintiff's family property, apparently after someone in Plaintiff's family called the police. Willard allegedly ordered Plaintiff to "set on the ground," and threatened to "tazor" Plaintiff if he failed to comply. (Complaint, p. 4, § 7.) Thereafter, Willard allegedly placed Plaintiff in handcuffs, and took him to a hospital. At the hospital, an unnamed police officer allegedly told Plaintiff that he would be released from the handcuffs, if he "urinated into a steel pouring container." (Id.) Sometime later, a woman allegedly administered a medication to Plaintiff, and he was then taken by ambulance to the "Behavioral Health Hospital" in Annandale, Minnesota, where he was then given some additional medication.

Based on these meager allegations, Plaintiff is now attempting to sue "the Brainerd Police," the "Assistant Police Chief," an unnamed "Police Man," and Bob Willard. Plaintiff is attempting to sue Defendants under the "North Atlantic Treaty." (Id., p. 3, § 4.) Plaintiff asserts that subject matter jurisdiction exists under the diversity of citizenship statute, (28 U.S.C. § 1332), even though his submissions clearly indicate that all of the parties in this case, (Plaintiff and all named Defendants), are Minnesota residents. Although the complaint does not allege that any Defendant caused any injury to Plaintiff,

he is nevertheless seeking a judgment against Defendants in the amount of $1,900,000,000.00.

Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's current complaint fails to state any claim on which relief may be granted. The obvious deficiencies in the complaint include at least the following:

(1) Federal subject matter cannot exist under the diversity of citizenship statute, (28 U.S.C. § 1332), because all of the parties reside in the same state, and Plaintiff has not identified any plausible basis for bringing this action under the "federal question" statute, (28 U.S.C. § 1331).

(2) Plaintiff's complaint does not identify any plausible legal basis for suing any of the named Defendants.

(3) The complaint does not describe a set of facts that could entitle Plaintiff to a judgment against any of the named Defendants under any legal theory.

(4) Plaintiff has not described any injury caused by any Defendant that could entitle him to a judgment for $1,900,000.000.00, (or any other amount).

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Because Plaintiff's complaint does not set forth sufficient allegations to state any claim on which relief could be granted, his IFP application must be denied, and this action must be

summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 8, 2011

                                                           s/Leo I. Brisbois
                                                           LEO I. BRISBOIS
                                                           United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by November 22, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.